UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CURTIS SMITH**   **PLAINTIFF**

**v.**   **CIVIL ACTION NO. 4:21-CV-P80-JHM**

**KEVIN MAZZA** *et al.*   **DEFENDANTS**

**MEMORANDUM OPINON AND ORDER**

This is a *pro se* civil-rights action brought by a convicted prisoner pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening of the complaint pursuant to 28 U.S.C. § 1915A. For the reasons set forth below, the Court will dismiss some claims and allow other claims to proceed.

**I.**

Plaintiff Curtis Smith was previously incarcerated at Green River Correctional Complex (GRCC). He brings this action against the following GRCC officials – GRCC Warden Kevin Mazza; Hope; Massden; Ricktor; Erik Lengenman, Chase McRoy, and "Unknown GRCC Medical Nurse." He sues these Defendants in both their official and individual capacities.[1]

Plaintiff alleges that on July 18, 2020, Defendant McRoy hit him in the head with a "metal sabre OC canister." Plaintiff alleges that he was then placed in handcuffs so tight that they "cut-off the flow of blood circulation." Plaintiff next states that Defendants Lengenman and Ricktor turned off the water supply to the shower stall where he was being restrained which denied Plaintiff the opportunity to "decontaminate the liquid fire OC spray from his eyes and body." Plaintiff additionally alleges that he was denied a medical examination by the "Unknown GRCC Medical

---

[1] This action was severed from *Smith v. Crews*, No. 5:21-cv-P35-TBR, pursuant to Fed. R. Civ. P. 21 because the original action set forth claims related to Plaintiff's incarceration at both GRCC and Kentucky State Penitentiary (KSP). The instant action contains Plaintiff's claims related to his incarceration at GRCC.

Nurse" when she "refused to examine his head concussion wound or to order his decontamination of the liquid fire OC chemical." Plaintiff next alleges that when he was escorted to his "segregation cell," Defendant Lengenman "again required all water supply to be cut off to the prevent the Plaintiff prisoner from being able to decontaminate" his eyes and body from the OC spray. Plaintiff alleges that he was left in his segregation cell, unable to decontaminate for four days, before he was transferred to KSP. Finally, Plaintiff alleges that Defendant Ricktor forced him to change in front of her on two occasions resulting in him being "naked, in her direct, plain view."

As relief for these alleged violations of his rights, Plaintiff seeks damages.[2]

## II.

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[2] Plaintiff indicates that he seeks injunctive relief in the form of being released from segregation at KSP and having his good-time credits "restored" but this relief appears to be based upon his claims against KSP officials regarding his prison adjustment hearing which were addressed in the original action, *Smith v. Crews*, No. 5:21-cv-P35-TBR.

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, while liberal, this standard of review does require more than the bare assertion of legal conclusions. *See Columbia Natural Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995). The Court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for Plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

"Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere." *Flint ex rel. Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Two elements are required to state a claim under § 1983. *Gomez v. Toledo*, 446 U.S. 635 (1980). "[A] plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). "Absent either element, a section 1983 claim will not lie." *Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

3

### A. Official-Capacity Claims

The Court first addresses Plaintiff's official-capacity claims against Defendants. Plaintiff identifies Defendants as officials or employees of GRCC. "[O]fficial-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (quoting *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 n.55 (1978)). Claims brought against state employees in their official capacities are deemed claims against the Commonwealth of Kentucky. *See Kentucky v. Graham*, 473 U.S. at 166. State officials sued in their official capacities for monetary damages are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Further, the Eleventh Amendment acts as a bar to claims for monetary damages against state employees or officers sued in their official capacities. *Kentucky v. Graham*, 473 U.S. at 169 (1989). For these reasons, the Court will dismiss Plaintiff's official-capacity claims for failure to state a claim upon which relief may be granted and for seeking monetary damages from Defendants who are immune from such relief.

### B. Individual-Capacity Claims

**1. Defendants McRoy, Lengenman, Ricktor, and "Unknown GRCC Medical Nurse"**

Upon review of Plaintiff's allegations, <u>the Court will allow an Eighth Amendment excessive-force claim to proceed against Defendant McRoy; Eighth Amendment claims for deliberate indifference to a serious medical need to proceed against Defendants Lengeman, Ricktor, and the "Unknown GRCC Medical Nurse;" and a constitutional right-to-bodily-privacy claim to proceed against Defendant Ricktor</u>. In allowing these claims to proceed, the Court passes no judgment upon their merit or the ultimate outcome of this action.

4

**2. Defendant Mazza**

Plaintiff indicates that he seeks to hold Defendant Mazza liable for the alleged violations of his constitutional rights based upon Defendant Mazza's supervisory position as GRCC Warden. However, the doctrine of *respondeat superior*, or the right to control employees, does not apply in § 1983 actions to impute liability onto supervisors. *Monell*, 436 U.S. at 691; *Taylor v. Mich. Dep't of Corr.*, 69 F.3d 76, 80-81 (6th Cir. 1995); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "Likewise, simple awareness of employees' misconduct does not lead to supervisor liability." *Leary v. Daeschner*, 349 F.3d 888, 903 (6th Cir. 2003) (citing *Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 728 (6th Cir. 1996)). Rather, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) ("In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)). Supervisory liability "must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. Univ. of Tenn.*, 159 F.3d 199, 206 (6th Cir. 1998)).

Thus, Plaintiff's individual-capacity claim against Defendant Mazza will be dismissed for failure to state a claim upon which relief may be granted.

**3. Defendants Hope and Massden**

Although listed as Defendants, the complaint contains no specific allegations against Defendant Hope or Massden. It is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 544 (holding that, in order to state

a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). The Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right." *Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) (citing *Terrance v. Northville Reg'l Psych. Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002)). Where a person is named as a defendant without an allegation of specific conduct, the claim is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing the plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Thus, because the complaint contains no allegations against either Defendant Hope or Massden, Plaintiff's individual-capacity claims against them will be dismissed for failure to state a claim upon which relief may be granted.

### IV.

For the foregoing reasons, **IT IS HEREBY ORDERED** that **Plaintiff's official-capacity claims against all Defendants are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted and pursuant to 28 U.S.C. § 1915A(b)(2) for seeking monetary relief from Defendants who are immune from such relief.**

**IT IS FURTHER ORDERED that Plaintiff's individual-capacity claims against Defendants Mazza, Hope, and Massden are DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted. Because no**

6

**claims remain against these Defendants, the Clerk of Court is DIRECTED to terminate them as parties to this action**.

The Court will enter a separate Service and Scheduling Order to govern the claims it has allowed to proceed.

Date:  December 13, 2021

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:  Plaintiff, *pro se*
  Defendants
  General Counsel, Justice & Public Safety Cabinet, Office of Legal Counsel
4416.011