UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

**CIVIL ACTION NO. 4:21CV-00080-JHM**

**CURTIS SMITH**                                                                                                           **PLAINTIFF**

**V.**

**KEVIN MAZZA,** *et al.*                                                                            **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff Curtis Smith filed this *pro se* action under 42 U.S.C. § 1983. Defendants Erik Lengenman, Chase McRoy, and Holly Rickard moved for summary judgment on Plaintiff's claims against them pursuant to Fed. R. Civ. P. 56. [DN 23]. On July 18, 2022, the Court issued an Order for Plaintiff Curtis Smith to respond to the pending motion within 30 days, and the Court warned Plaintiff "failure to comply with this Order will result in DISMISSAL of this action." [DN 27]. Plaintiff did not file a timely response. As a result, on September 2, 2022, the Court dismissed this case without prejudice pursuant to Federal Rule of Civil Procedure 41(b) finding that Plaintiff failed to comply with the Court's Order to file a response. [DN 30, DN 31].

On September 6, 2022, Plaintiff filed a motion for extension of time to complete discovery and to file a response to the motion for summary judgment. [DN 32]. The Court also construed this motion as a motion to reopen the case. On September 14, 2022, the Court granted the motion and reopened the case. [DN 33]. The Court permitted an additional ninety (90) days for Plaintiff to respond to Defendants' motion for summary judgment and to complete discovery. Plaintiff once again has not filed a response, and the time to do so has passed.

Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v.*

*Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). "[W]hile *pro se* litigants may be entitled to some latitude when dealing with sophisticated legal issues, acknowledging their lack of formal training, there is no cause for extending this margin to straightforward procedural requirements that a layperson can comprehend as easily as a lawyer." *Id.* "[T]he lenient treatment generally accorded to pro se litigants has limits. Where, for example, a pro se litigant fails to comply with an easily understood court-imposed deadline, there is no basis for treating that party more generously than a represented litigant." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (cleaned up). Additionally, courts have an inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Because Plaintiff has failed to comply with a straightforward Order of this Court by failing once again to file a response to Defendants' motion for summary judgment, despite being given an additional 90 days to do so, the Court will dismiss this action by separate Order.

Joseph H. McKinley Jr., Senior Judge
United States District Court

January 18, 2023

cc: Plaintiff, *pro se*
Counsel of Record